UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SANJEEV KUMAR, A-213-145-203,

Petitioner,

v.

KRISTI NOEM, et al.,

Respondents.

No.  1:26-cv-00601-DC-EFB (HC)

FINDINGS AND RECOMMENDATIONS

Petitioner is a noncitizen alien detained in an immigration detention facility who has brought a petition for writ of habeas corpus under 28 U.S.C. § 2241.  ECF No. 1.  This matter was referred to the undersigned pursuant to Local Rule 302(c)(17).  For the reasons set forth below, the undersigned recommends the writ be granted.

**BACKGROUND**

**A.  Factual Background**

In his verified petition for writ of habeas corpus, petitioner alleges that he is a citizen and national of India who is currently detained by respondents pending immigration removal proceedings.  ECF No. 1 ¶ 14.  He alleges that he entered the United States on November 1, 2022, and was detained by the Department of Homeland Security (DHS) shortly thereafter.  *Id*. ¶¶ 14-16.  DHS issued a Notice to Appear in Immigration Court, on November 3, 2022, charging petitioner with removability on the basis that he was an alien present in the United States who has not been admitted or paroled.  *Id*. ¶ 15.  On November 5, 2022, DHS issued petitioner a form I-

1

220 and released him on his own recognizance.  *Id.* ¶ 16.  Petitioner filed an application for asylum, I-589, and, on August 7, 2023, DHS issued petitioner an Employment Authorization Document, I-766.  *Id.* ¶¶ 17, 18.  On an unknown date, DHS agents arrested petitioner and he remains currently detained.  *Id.* ¶¶ 5, 9, 19, 22.  Per petitioner, he was not arrested pursuant to a warrant and, since his arrest, respondents have not provided him with a custody redetermination hearing.  *Id.* ¶¶ 20-21.

Respondents do not dispute petitioner's factual allegations.  ECF No. 9 at 1-2.  Respondents further represent that, when petitioner was released on his own recognizance in 2022, he was directed to enroll in the Alternatives to Detention supervision program and notified that failure to comply with the program's terms could result in the revocation of his release and his arrest.  *Id.* at 1 (citing ECF No. 1, Ex. 2).  Among other terms, the Alternatives to Detention program required petitioner to check in with DHS agents weekly using a biometric device.  *Id.* at 1-2 (citing ECF No. 1, Ex. 2).  Per respondents, petitioner failed to comply with reporting requirements 18 times over a 35-month period, and, on October 25, 2025, his supervised release was revoked and he was arrested.  *Id.* at 2 & Ex. 1.

In his traverse, petitioner disputes that he violated the terms of his supervision.  ECF No. 10 at 1-2 & Ex. 1.

### B.  Procedural Background

Petitioner initiated this action through counsel on January 24, 2026.  ECF No. 1.  On January 27, 2026, he moved for a temporary restraining order, ECF No. 5, which the court denied the same day.  ECF No. 6.  On February 25, 2026, respondents timely filed an answer to the petition, ECF No. 9, and, on March 10, 2026, petitioner filed a traverse.  ECF No. 10.  On April 1, 2026; May 13, 2026; and June 18, 2026, petitioner filed requests for the court to issue an expedited decision on his petition.  ECF Nos. 11-13.

### LEGAL STANDARD

The federal court should grant a writ of habeas corpus under 28 U.S.C. § 2241 when the petitioner is in custody in violation of the Constitution or federal law.  *See, e.g., Dominguez v. Kernan*, 906 F.3d 1127, 1134 (9th Cir. 2018).  The petitioner bears the burden to prove the

unlawfulness of his detention by a preponderance of evidence. *Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025).

## DISCUSSION

In his petition, petitioner raises two claims for relief. In his first claim, he alleges that his present detention violates the Immigration and Nationality Act (INA) because he is wrongfully detained pursuant to 8 U.S.C. § 1225(b)(2) and he was arrested without a warrant, as required under 8 U.S.C. § 1226(a). ECF No. 1 ¶¶ 44-47. In his second claim, he alleges that his arrest and ongoing detention without a bond hearing violate his rights to due process under the Fifth Amendment. *Id*. ¶¶ 48-52. Respondents argue that petitioner's claims are meritless and that petitioner's arrest and present detention are lawful under the INA and the Due Process Clause. ECF No. 9. The undersigned finds petitioner has demonstrated his entitlement to relief on both claims and recommends the writ be granted.

### 1.  Violation of the Immigration and Nationality Act

Petitioner alleges that his present detention is in violation of the INA because he is not lawfully subject to the detention provision codified at 8 U.S.C. § 1225(b) and because he was not arrested pursuant to a warrant, as required by § 1226(a). The undersigned finds that petitioner has demonstrated his entitlement to habeas corpus relief on both grounds of this claim.

### A.  Application of 8 U.S.C. § 1225 to Petitioner

Sections 1225 and 1226 of the INA, 8 U.S.C. §§ 1225 and 1226, govern the detention of inadmissible noncitizens who have been placed in removal proceedings, but for whom a final order of removal has not issue. Under § 1226(a), during the pendency of removal proceedings, the Government has discretion to release the noncitizen on bond or conditional parole. 8 U.S.C. § 1226(a)(2)(A)-(B). Specifically, a DHS officer makes an initial custody determination, and may release the noncitizen upon a showing "to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding." *Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022) (citing 8 C.F.R. § 236.1(c)(8)). The noncitizen may seek review of this custody decision by an Immigration Judge. *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

3

Section 1225 of the INA, in contrast, provides for mandatory detention of certain noncitizens and, in some cases, expedited removal. 8 U.S.C. § 1225; *Jennings*, 583 U.S. at 303.

Here, petitioner alleges that respondents have detained him pursuant to 8 U.S.C. § 1225(b), which is unlawful because § 1226 properly applies to him. ECF No. 1 ¶¶ 44-47. Respondents' response to this allegation is mixed. At one point in their response, respondents appear to assert that petitioner is presently detained under 8 U.S.C. § 1226 and recognize that he is entitled to a bond hearing under that section. ECF No. 9 at 3. Elsewhere, however, respondents argue that even if petitioner is detained under § 1225(b), "it makes no difference" because petitioner has violated the terms of his supervision and thus should be detained for that reason. *Id*. Respondents also argue that there would be no violation of the INA for petitioner to have been arrested under § 1226(a), then for respondents to invoke the mandatory detention provision of § 1225(b) after petitioner's arrest. *Id*.

Petitioner has demonstrated that, to the extent that respondents assert his present detention is governed by 8 U.S.C. § 1225(b), his detention is unlawful under the INA. As numerous courts have already concluded, respondents' argument fails as a matter of statutory construction. *See Rugama v. Chestnut*, No. 1:25-CV-1918 AC, 2025 WL 3707234, at *3 (E.D. Cal. Dec. 22, 2025) (collecting cases). Section 1225(b)(2)(A) provides that, "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." 8 U.S.C. § 1225(b)(2)(A). Respondents' apparent position is that "applicant for admission" and "an alien seeking admission" both should be interpreted to include persons like petitioner, who had previously entered in the United States, encountered DHS agents, and were detained then released on their own recognizance or under an order of supervision. *See* ECF No. 9 at 3. This interpretation is untenable, however, because it "(1) disregards the plain meaning of [§] 1225(b)(2)(A); (2) disregards the relationship between [§§] 1225 and 1226; (3) would render a recent amendment to [§] 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1112 (E.D. Cal. 2025); *see also Tinoco v. Noem*, 818 F. Supp. 3d 1141, 1150-52 (E.D. Cal. 2025); *Labrador-*

4

*Prato v. Noem*, 815 F. Supp. 3d 1113, 1120-21 (E.D. Cal. 2025); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 487-91 (S.D.N.Y. 2025); *D. L.C. v. Wofford*, No. 1:25-CV-01996-DC-JDP (HC), 2026 WL 25511, at *4 (E.D. Cal. Jan. 5, 2026).  Instead, because petitioner had already been living in the United States for several years at the time of his 2025 arrest, 8 U.S.C. § 1226, rather than § 1225, properly applies to him.  *See Tinoco*, 818 F. Supp. 3d at 1150.

Moreover, the undisputed record is that respondents released petitioner in 2022 under 8 U.S.C. § 1226.  ECF No. 1 ¶ 16 & Ex. 2; ECF No. 9 at 1.  Respondents cite no authority for the proposition that, having given notice to petitioner that his release was governed by § 1226, the statute nevertheless permits them to "reverse course" and "elect to pursue mandatory detention under 8 U.S.C. § 1225(b) at any time."  *See Clavijo v. Kaiser*, No. 25-cv-06248-BLF, 2025 WL 2419263, at *4 (N.D. Cal. Aug. 21, 2025); *see generally* ECF No. 9.  In fact, respondents' position is contrary to the great weight of authority, which holds that the discretionary detention scheme described in § 1226 is incompatible with the mandatory detention scheme in § 1225 such that, once DHS has detained a noncitizen pursuant to the former, the statute does not permit DHS to refuse to exercise the discretion that is codified in that section.  *See Clavijo*, 2025 WL 2419263, at *4; *see*, *e.g.*, *Tinoco*, 818 F. Supp. 3d at 1151; *Labrador-Prato v. Noem*, 815 F. Supp. 3d 1113, 1120 (E.D. Cal. 2025); *Vilela v. Robbins*, 813 F. Supp. 3d 1144, 1151 n.2 (E.D. Cal. 2025).

For these reasons, petitioner has shown that his present detention is governed by 8 U.S.C. § 1226(a), such that respondents have violated the Immigration and Nationality Act to the extent that they have detained him, or are presently detaining him, pursuant to 8 U.S.C. § 1225(b).

### B.  Warrantless Arrest

Petitioner has also shown that his present detention is unlawful because there is no evidence that it occurred pursuant to a warrant, as required by statute.  Section 1226(a) provides that a noncitizen may be arrested and detained "[o]n a warrant issued by the Attorney General." 8 U.S.C. § 1226(a).  "As such, it follows that absent a warrant a noncitizen may *not* be arrested

5

and detained under section 1226(a)."[1]  *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025) (emphasis in original).  Here, the undisputed record establishes that respondents did not arrest petitioner pursuant to a warrant when they arrested him in October 2025.  ECF No. 1 ¶¶ 20-21; *see* ECF No. 9 (failing to dispute this allegation); *see also* ECF No. 9, Ex. 1 at 3 (describing method of petitioner's apprehension).  Numerous courts have held that the warrant requirement in § 1226(a) is mandatory under the plain terms of the statute, so that respondents' failure to comply with it reflects a violation of the statute entitling the noncitizen to immediate release.  *See, e.g.*, *Chogllo Chafla*, 804 F. Supp. 3d at 264; *A.E.R.T. v. Wofford*, No. 1:25-CV-01824-KES-SKO (HC), 2025 WL 3645297, at *2 (E.D. Cal. Dec. 16, 2025); *Chiliquinga Yumbillo v. Stamper*, No. 2:25-CV-00479-SDN, 2025 WL 2783642, at *5 (D. Me. Sept. 30, 2025).  Respondents raise no legal argument disputing this.  *See* ECF No. 9.  Accordingly, the undersigned finds that petitioner has shown that his present detention is unlawful under 8 U.S.C. § 1226(a) because it flows from his unlawful, warrantless arrest, and he is entitled to habeas corpus relief on this alternative basis.

## 2. Violation of Right to Due Process

Petitioner has also demonstrated that his detention, without a bond hearing at the onset of his detention, violates his rights to due process under the Fifth Amendment, and he is entitled to habeas corpus relief on this basis, as well.  *See* ECF No. 1 ¶¶ 48-52.

The Due Process Clause of the Fifth Amendment protects persons in the United States from being deprived of life, liberty, or property without due process of law.  Noncitizens subject to mandatory detention are not without due process rights.  *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent"); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1091-93 (E.D. Cal. 2025) (finding a liberty interest for a petitioner under § 1225(b)(1)).  The Due Process Clause generally "requires some kind of a

---

[1] Under 8 U.S.C. § 1226(b), the Attorney General may "at any time may revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien."  Here, however, respondents do not assert that petitioner was arrested in 2025 pursuant to a previously-issued warrant nor do respondents argue that § 1226(b) authorizes petitioner's present detention.  *See generally* ECF No. 9.

6

hearing before the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990).

Courts examine procedural due process claims in two steps. *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). The first step asks whether a protected liberty or property interest exists, and the second step examines the constitutional adequacy of the procedures employed by the State to interfere with that interest. *Id*.

Here, petitioner has a cognizable liberty interest in his continued freedom from detention, due to his having been previously released by DHS on an order of supervision. "[E]ven when an initial decision to detain or release an individual is discretionary, the government's subsequent release of the individual from custody creates 'an implicit promise' that the individual's liberty will be revoked only if they fail to abide by the conditions of their release." *Calderon v. Kaiser*, No. 25-cv-06695-AMO, 2025 WL 2430609, at *2 (N.D. Cal. Aug. 22, 2025) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1971)); *see also Valencia Zapata v. Kaiser*, 801 F. Supp. 3d 919, 934 (N.D. Cal. 2025). "Accordingly, a noncitizen released from custody pending removal proceedings has a protected liberty interest in remaining out of custody[ ]" where an immigration official "elected to release" a petitioner on their own recognizance. *Salcedo Aceros v. Kaiser*, No. 25-cv-06924-EMC, 2025 WL 2637503, at *6-7 (N.D. Cal. Sept. 12, 2025); *see also Polo v. Chestnut*, No. 1:25-cv-01342-JLT-HBK, 2025 WL 2959346 (E.D. Cal. Oct. 17, 2025). Thus, petitioner acquired a liberty interest in his continued freedom when DHS elected to release him in November 2022. *See Valencia Zapata*, 801 F. Supp. 3d at 234-25; *Cajina v. Wofford*, No. 1:25-CV-01566-DAD-AC (HC), 2025 WL 3251083, at *3 (E.D. Cal. Nov. 21, 2025); *Cordero Pelico v. Kaiser*, No. 25-cv-07286-EMC, 2025 WL 2822876, at *7 (N.D. Cal. Oct. 3, 2025); *F.M.V. v. Wofford*, No. 1:25-cv-01381-KES-SAB (HC), 2025 WL 3083934, at *4 (E.D. Cal. Nov. 4, 2025).

Additionally, by virtue of having been previously released pursuant to 8 U.S.C. § 1226(a), petitioner acquired a due process interest in only having his liberty impinged in a manner proscribed by that statute. When DHS released petitioner in 2022 on an order of supervision under § 1226(a), respondents engendered in petitioner an expectation that he would only be redetained under the terms of that statutory section. *See Luis Alberto R.C. v. Murray*, 817 F.

7

Supp. 3d 917, 926 (E.D. Cal. 2025); *Vilela*, 813 F. Supp. 3d at 1151-52; *Valencia Zapata*, 801 F. Supp. 3d at 934; *Garcia v. Warden of the Golden State Annex Det. Facility*, No. 1:26-CV-01384-JLT-CDB (HC), 2026 WL 1179932, at *9 (E.D. Cal. Apr. 30, 2026), *report and recommendation adopted,* No. 1:26-CV-01384 JLT-CDB (HC), 2026 WL 1274967 (E.D. Cal. May 8, 2026); *Cajina*, 2025 WL 3251083, at *3; *Souza v. Robbins*, No. 1:25-CV-01597-DJC-JDP, 2025 WL 3263897, at *3 (E.D. Cal. Nov. 23, 2025); *Salcedo Aceros v. Kaiser*, No. 25-cv-06924-EMC, 2025 WL 2637503, at *6-7 (N.D. Cal. Sept. 12, 2025). Among other provisions, the implementing regulations for § 1226(a) provide that an alien detained under that section is entitled to a bond hearing at the outset of detention. *Jennings v. Rodriguez*, 583 U.S. 281, 305 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). The regulations also provide that, during his detention and before his removal order becomes final, the alien may request a bond hearing before an Immigration Judge, who may order the alien's release upon his showing that he is not a danger to the community, a threat to national security, likely to abscond, or otherwise bond-inappropriate. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022). Petitioner has a due process interest in his liberty only being circumscribed in a manner consistent with these regulations.

Having found that petitioner possesses a cognizable liberty interest, the court turns to the second step of the analysis to determine whether his detention violates petitioner's Fifth Amendment procedural due process rights and the amount of process a petitioner is due. In making this determination, courts weigh: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge. See* 424 U.S. 319, 335 (1976). Here, petitioner has shown that he has a substantial interest in his freedom from detention, relative to the first factor. Since petitioner's entry to the United States in 2022, he necessarily has developed "enduring attachments of normal life" legally indistinguishable from those experienced by a criminal parolee. *See Morrissey v. Brewer*, 408

U.S. 471, 482 (1972); *see also Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025); *Tinoco,* 818 F. Supp. 3d at 1152.

Petitioner also has demonstrated that the second *Mathews* factor weighs in his favor. Without an individualized bond hearing, "the risk of erroneous deprivation," *see Mathews*, 424 U.S. at 335, through petitioner's summary detention is considerable.  Petitioner's detention is only justified if he poses a flight risk or a danger to the community or to national security.  *See* 8 U.S.C. § 1226(a); *Zadvydas*, 533 U.S. at 690.  Without an individualized bond determination by a neutral factfinder to determine whether his continued detention is legally justified, the risk of erroneous deprivation of petitioner's protected liberty interests is great.  *See Tinoco,* 818 F. Supp. 3d at 1152; *Labrador-Prato*, 815 F. Supp. 3d at 1121; *see also Demore*, 538 U.S. 510; *Morales-Flores*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *5; *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *4 (E.D. Cal. Sept. 9, 2025); *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). Correspondingly, the probative value of the additional procedural safeguards petitioner seeks—a determination of petitioner's bond-worthiness based on individualized facts, by a neutral factfinder—is high.  *See Morales-Flores*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *5; *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *4.  Here, respondents represent that petitioner's detention is justified by his having violated the terms of his supervised release, ECF No. 9, but petitioner disputes whether those violations occurred and, if they did, that they justify his redetention.  ECF No. 10.  This dispute demonstrates the great probative value of a determination of petitioner's bond-worthiness based on individualized facts by a neutral factfinder, consistent with the regulations attendant to § 1226(a).  *See Tinoco*, 818 F. Supp. 3d at 1150; *Morales-Flores*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *5; *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *4.

Petitioner also has shown that the third *Mathews* factor weighs in his favor.  "[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions."  *Hernandez*, 872 F.3d at 994.  The

effort and cost required to provide petitioner with procedural safeguards are minimal.  *See Tinoco,* 818 F. Supp. 3d at 1152-52; *Labrador-Prato*, 815 F. Supp. 3d at 1122 ("Custody hearings in immigration court are routine and impose a 'minimal' cost on the government.").  "If the government wishes to re-arrest [petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without [any procedural protections] is low." *Ortega*, 415 F. Supp. 3d at 970; *see also Tinoco*, 818 F. Supp. 3d at 1153 (quoting same).

Accordingly, the undersigned finds respondents' interest in detaining petitioner without an individualized bond determination, at a hearing before a neutral factfinder, is low and does not outweigh petitioner's substantial liberty interest or the risk of the erroneous deprivation of same. Petitioner has thereby shown by a preponderance of evidence that his detention without a bond hearing in accordance with 8 U.S.C. § 1226(a) violates his rights under the Due Process Clause of the Fifth Amendment, entitling him to habeas corpus relief.

In light of the particular deprivation that petitioner has suffered—specifically, that his arrest occurred contrary to statute and that, in violation of his rights to due process, he was denied a bond hearing at the outset of his detention—the court finds that the appropriate remedy is petitioner's immediate release under his previous terms of supervision.  *See, e.g.*, *Kachur v. Chestnut*, No. 1:26-CV-03362-DAD-JDP (HC), 2026 WL 1229009, at *2 (E.D. Cal. May 5, 2026); *Ali v. Warden*, No. 1:26-CV-02977-DAD-CSK (HC), 2026 WL 1192377, at *1 (E.D. Cal. May 1, 2026); *Cajina*, 2025 WL 3251083, at *6; *Perez v. Albarran*, No. 1:25-CV-01540-DAD-CSK (HC), 2025 WL 3187578, at *5 (E.D. Cal. Nov. 14, 2025); *see also Vilela*, 813 F. Supp. 3d at 1156.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED as follows:

    a. Respondents be ORDERED to immediately release petitioner Sanjeev Kumar (A-213-145-203) from their custody on the conditions of supervised release to which he was subject prior to his arrest on October 25, 2025;

    b. Respondents be ENJOINED AND RESTRAINED from re-detaining petitioner

10

without providing at least seven (7) days' notice to petitioner of their intent to detain him, and, prior to his re-detention, must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a), its implementing regulations, and the requirements of due process, at which petitioner's eligibility for bond must be considered and where the Government shall bear the burden of proving by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk;

    c.  Respondents are not enjoined and restrained from detaining Petitioner in the event that an executable final order of removal is issued and the Petitioner receives notice of this order.  In such an event, the Government may detain Petitioner for the sole and limited purpose of executing removal pursuant to the final order of removal, consistent with 8 U.S.C. § 1231(a), its implementing regulations, and constitutional requirements;

2.  The Clerk of the Court be directed to serve a copy of this order on the Mesa Verde Detention Center; and

3.  The Clerk of the Court be directed to enter judgment in favor of petitioner and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within seven (7) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 6, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

11