UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SANJEEV KUMAR (A-213-145-203),

Petitioner,

v.

KRISTI NOEM, et al.,

Respondents.

No. 1:26-cv-00601-DC-EFB (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS

(ECF Nos. 11, 12, 13, 14)

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 6, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and contained notice that any objections to the findings and recommendations were to be filed within seven days. (ECF No. 14.) On July 12, 2026, Respondents filed objections to the findings and recommendations, stating that they generally object "for the reasons stated in [their] prior pleadings." (ECF No. 15.) However, those arguments were addressed and rejected by the magistrate judge in this case and by the undersigned in other cases.

Specifically, the undersigned has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or

conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, Doc. No. 8 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim). Thus, Respondents' objections do not provide a basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed July 6, 2026 (ECF No. 14), are ADOPTED;
2. Petitioner Sanjeev Kumar's (A-213-145-203) petition for a writ of habeas corpus (ECF No. 1) is GRANTED on due process grounds,[1] as follows:
    a. Respondents are ORDERED to IMMEDIATELY RELEASE petitioner from their custody on the conditions of supervised release to which he was subject prior to his arrest on October 25, 2025;

---

[1] Because the court is granting the petition on the due process claim (Count Two), the court need not address any additional grounds raised in the petition. See *N.K. v. Noem*, No. 1:26-cv-00292-KES-SAB (HC), 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); *Constantinovici v. Bondi*, No. 3:25-cv-02405-RBM-AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release"). Indeed, Petitioner is entitled to the habeas relief he seeks based on the court's ruling as to Count Two.

b. Respondents are ORDERED to RETURN all of Petitioner's documents and possessions upon release;

c. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner without providing at least seven (7) days' notice to petitioner of their intent to detain him, and, prior to his re-detention, must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a), its implementing regulations, and the requirements of due process, at which petitioner's eligibility for bond must be considered and where the Government shall bear the burden of proving by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk;

3. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

4. Petitioner's requests for expedited review (ECF Nos. 11, 12, 13) are denied as having been rendered moot;

5. The Clerk of the Court is directed to serve a copy of this order on the Mesa Verde Detention Center; and

6. The Clerk of the Court is directed to enter judgment in favor of Petitioner and to close this case.

IT IS SO ORDERED.

Dated: **July 20, 2026**

Dena Coggins
United States District Judge